UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATONYA L. BRYANT, | ) |
| | ) |
| Plaintiff, | ) No. 4:17-CV-299 RLW |
| | ) |
| v. | ) |
| | ) |
| U.S. BANK NATIONAL ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's Intentional Infliction of Emotional Distress Claim (ECF No. 8). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff Latonya L. Bryant ("Bryant") was employed by U.S. Bank National Association ("U.S. Bank") from April 2002 until January 3, 2017. (Complaint, ECF No. 1, ¶5). Bryant alleges she was a covered employee under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§2601, *et seq.* (Complaint, ¶7).

Bryant contends that she received positive performance evaluations, except for December 2015; Bryant attributes her negative December 2015 evaluation to her use of FMLA leave from April to August 2015. (Complaint, ¶14). Thereafter, Bryant was placed on a Performance

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

Improvement Plan ("PIP") in January 2016. (Complaint, ¶15). Bryant was taken off of her PIP in February 2016, and her team was first in the office rankings from March to May 2016. (Complaint, ¶16). In August 2016, Bryant's supervisor, Michael Prophete ("Prophete") gave Bryant a strong performance evaluation and she was given an excellent rating for her mid-year score. (Complaint, ¶16). In December 2016, Prophete contacted Bryant while she was on vacation and asked her to come in to perform work. (Complaint, ¶17). Prophete also requested various employment documents from Bryant by January 6, 2017.

Bryant claims that in January 2017 her mother, Carolyn, suffered a "serious health condition" under the FMLA. Her mother was hospitalized for chronic lung failure and kidney failure. (Complaint, ¶11). In addition, Bryant's son suffers from autism, a "serious medical condition." (Complaint, ¶12). On January 2, 2017, Bryant's mother was hospitalized and placed on ventilation with a potential life-threatening illness. (Complaint, ¶18). On January 3, 2017, Bryant contacted The Hartford, U.S. Bank's third-party FMLA administrator, and requested FMLA intermittent leave to care for her mother. (Complaint, ¶19). That afternoon, The Hartford gave Bryant a claim number for her FMLA intermittent leave. (Complaint, ¶22). Bryant then contacted Prophete and notified him that she had requested FMLA leave to care for her mother. (Complaint, ¶21). The afternoon of January 3, 2017, Prophete called Bryant into the office and terminated her. (Complaint, ¶23). Prophete told Bryant she needed a less stressful position due to her mother's and her son's medical conditions. (Complaint, ¶24).

On January 27, 2017, Bryant filed her Complaint, alleging claims for Retaliation (Count I) and Intentional Infliction of Emotional Distress (Count II). On February 27, 2017, U.S. Bank filed a Motion to Dismiss Bryant's Intentional Infliction of Emotional Distress Claim. (ECF No. 8).

# DISCUSSION

## I. Standard of Review

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S 544, 570 (2007). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

## II. Discussion

To state a claim for intentional infliction of emotional distress ("IIED") under Missouri law, "a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo.1997) (en banc) (citing *K.G. v. R.T.R.*, 918 S.W.2d 795, 799 (Mo.1996) (en banc)); *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 310 (8th Cir. 2009). The defendant's intent in acting must have been "only to cause extreme emotional distress to the victim." *Id.* (citing *K.G.*, 918 S.W.2d at 799). "The conduct must have been 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Warrem v. Parrish*, 436 S.W.2d 670, 673 (Mo.1969)). Liability for IIED

> clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt.

*Pretsky v. Southwestern Bell Tel. Co.,* 396 S.W.2d 566, 569 (Mo.1965) (abrogated on other grounds) (quoting Restatement (Second) of Torts § 46, comment (d) (1965) (Restatement)).

"Missouri courts have, in large part, adopted the Restatement's definition of IIED." *Bailey,* 563 F.3d at 311 (citing *Wallace v. Van Pelt,* 969 S.W.2d 380, 386 (Mo.Ct.App.1998) ("In *Pretsky v. Southwestern Bell Telephone Co.,* 396 S.W.2d 566 (Mo.1965), our Supreme Court recognized the tort of extreme and outrageous conduct, essentially adopting Restatement (Second) of Torts § 46 (1965).")). "The comments to § 46 are instructive as to the meaning ordinarily attached to the term 'emotional distress.'" *Wallace,* 969 S.W.2d at 386. The comments explain, "[t]he distress must be reasonable and justified under the circumstances, and there is no liability where the plaintiff has suffered exaggerated and unreasonable emotional distress, unless it results from a peculiar susceptibility to such distress of which the actor has knowledge." Restatement (Second) of Torts § 46, cmt. j (1965). "Thus, a reasonable person standard should be used when determining whether a plaintiff has a claim for IIED." *Bailey,* 563 F. 3d at 311.

U.S. Bank argues that the IIED claim should be dismissed because Bryant has not alleged facts establishing that U.S. Bank's conduct "(1) was sufficiently atrocious; (2) was undertaken for the sole purpose of causing Bryant extreme emotional distress; and (3) resulted in her emotional distress that is medically diagnosable and medically significant." (ECF No. 9 at 1-2). U.S. Bank claims that Bryant's termination is not sufficiently extreme and outrageous because "district and circuit courts throughout the country held that terminations, even when in conjunction with FMLA leave, do not give rise to claims for IIED." (ECF No. 9 at 7 (citing cases)). U.S. Bank further argues that Bryant's IIED claim fails because she has not alleged that U.S. Bank acted *only* to cause her extreme emotional distress. (ECF No. 9 at 8-9 (emphasis in

original); ECF No. 21 at 5). U.S. Bank argues that the allegation that Prophet stated that Bryant needed a position that was less stressful due to her son's and mother's medication conditions is inconsistent with Bryant's contention that that U.S. Bank acted solely to cause Bryant extreme emotional distress. (ECF No. 9 at 8-9; ECF No. 21 at 5). Finally, U.S. Bank contends that Bryant failed to allege any "facts describing or supporting her alleged emotional distress and/or bodily harm," and has "failed to plead that her emotional distress is 'medically diagnosable and medically significant[.]'" (ECF No. 9 at 9 (citing *Miller v. Wackenhut Servs., Inc.*, 808 F. Supp. 697, 701 (W.D. Mo. 1992)).

In response, Bryant argues that her Complaint satisfies the liberal Federal pleading standards. (ECF No. 16 at 2). Further, Bryant contends that district courts in the Eastern District of Missouri have denied similar motions to dismiss. (ECF No. 16 at 2-5 (citing *Durrell v. Tech Elecs., Inc.*, No. 4:16 CV 1367 CDP, 2016 WL 6696070, at *4 (E.D. Mo. Nov. 15, 2016); *Jiang v. Porter*, No. 4:15-CV-1008 (CEJ), 2015 WL 9480478, at *4-5 (E.D. Mo. Dec. 29, 2015); *Everly v. United Parcel Serv., Inc.*, No. 89 C 1712, 1989 WL 81961, at *3 (N.D. Ill. July 13, 1989)).

At the early stage of the litigation, the Court holds that Bryant has alleged facts that are sufficient to show that U.S. Bank engaged in extreme and outrageous conduct for the purpose of intentionally causing Bryant to suffer extreme emotional distress, which resulted in bodily harm. Bryant alleged that she suffered from extreme anxiety as a result of caring for her son and her mother, and that U.S. Bank was aware of Bryant's obligations and mental state. On the day of her termination, Bryant alleged that she came in to notify her supervisor that she had requested FMLA leave to care for her critically-ill mother. Bryant tied up some loose ends for her employer, but she was terminated just as she was leaving to see her mother at the emergency

room. U.S. Bank claims that Prophete's statement that, "with Plaintiff Bryant's mother and son's medical conditions, Plaintiff Bryant needed a position that was less stressful" belies her IIED claim; however, the Court holds that, at this stage of the litigation, Prophete's statement could be indicative solely of U.S. Bank's discriminatory intent. Therefore, for purposes only of the pending motion to dismiss, the Court holds that Bryant states a claim for IIED and denies U.S. Bank's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 8) is **DENIED**.

Dated this 27th day of April, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**